IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GINO X. MONTOYA,

                Petitioner,                OPINION AND ORDER

    v.                                         15-cv-646-wmc

REED RICHARDSON, Warden,
Stanley Correctional Institution,

                Respondent.

---

Gino X. Montoya has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and has paid the $5 filing fee. Before the court is petitioner's motion to stay the petition and hold it in abeyance so that he can exhaust his state court remedies with respect to three claims that he included in his petition but did not raise in his state court direct appeal. The court will grant petitioner's request for a stay.

FACTS

On July 22, 2011, petitioner pled not contest to and was convicted of possession with intent to deliver heroin, possession with intent to deliver cocaine, maintaining a drug trafficking place, and possession of THC. (Dane County Case No. 09CF227). On March 13, 2014, the Court of Appeals affirmed petitioner's conviction (Case No. 2012AP1010), and on September 24, 2014, the Wisconsin Supreme Court denied his petition for review.

Petitioner's one year statute of limitations to file the instant petition in federal court started to run 90 days later on December 23, 2014. Petitioner filed his petition in this court on October 7, 2015. Because "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations," *Rhines v. Weber*, 544 U.S. 269, 275 (2005), his statute of limitations expired on December 23, 2015.

OPINION

Petitioner raises the following claims in his petition: (1) the officer's affidavit supporting the search warrant was deficient; (2) statements by an informant to support the search warrant were not actually against the informant's interest; (3) the plea agreement was not knowingly and intelligently entered; and (4) counsel was ineffective for failing to raise a sufficient Fourth Amendment challenge to the search warrant with respect to the informant's inconsistent statements in particular. On direct appeal, petitioner raised only the first claim presented. He now asks the court hold his petition in abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Under *Rhines*, courts may stay a mixed petition, that is, a petition containing both exhausted and unexhausted claims, in situations in which outright dismissal of the petition could jeopardize the petitioner's ability to later file a timely habeas petition on the unexhausted claims. *Id.* at 275. Stay and abeyance is available only if there was good cause for petitioner's failure to exhaust his claims in state court first, the unexhausted claims are not plainly meritless and the petitioner does not appear to be engaged in abusive litigation tactics or intentional delay. *Id*.

Here, petitioner's federal habeas clock has expired, so dismissing his unexhausted claims likely would bar him from raising those claims in a later-filed federal habeas petition. Additionally, there is no indication that petitioner has engaged in intentionally dilatory litigation tactics. Because petitioner contends that his attorney was ineffective for failing to identify and raise these unexhausted claims on appeal, the court finds that petitioner had good cause for his failure to exhaust.

Finally, the court is unable to conclude from the limited record before it that petitioner's claims have no potential merit. Without more information about the search warrant, supporting affidavit and informant's statements, it is difficult to determine whether evidence obtained via the warrant should have been suppressed. Therefore, the court concludes that petitioner's claims have potential merit and will grant petitioner's motion for a stay.

I offer some additional comments for petitioner's benefit: First, the Wisconsin courts distinguish claims challenging the effectiveness of post-conviction counsel from those challenging the effectiveness of appellate counsel. *See* Wis. Stat. § 974.06; *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 556 N.W. 2d 136 (Ct. App. 1996) (describing procedure for challenging effectiveness of postconviction counsel); *State v. Knight*, 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992) (appellate counsel). In this case, it appears that petitioner is challenging the effectiveness of both his trial and appellate lawyers, so petitioner should review these cases to make sure that he follows the appropriate procedures for exhausting his claims.

Second, this court will not tread water with petitioner's federal habeas petition indefinitely. *Rhines*, 544 U.S. at 277. I am granting the requested stay with these two conditions: (1) Not later than **April 5, 2016** (60 days from the date of this order), petitioner must initiate proceedings in state court to exhaust his remaining claims; and (2) After petitioner has completely exhausted his state court remedies, he then has 30 days from the date of the last order from the state courts in which to file a motion in this court to lift the stay. If petitioner fails to meet either one of these two conditions, then this court may vacate the stay as of the date the stay was entered and the petition may be dismissed.

ORDER

IT IS ORDERED that:

1. Petitioner's motion to stay and hold the petition in abeyance is GRANTED;

2. The instant petition is STAYED pending exhaustion of petitioner's state remedies with the following conditions:

   a) Not later than **April 5, 2016**, Petitioner must initiate proceedings in state court to exhaust his remaining claims; and

   b) After completely exhausting his state court remedies, petitioner has 30 days from the date of the last order from the state courts in which to file a motion in this court to lift the stay.

3. If petitioner fails to meet these conditions, then the stay may be vacated as of the date of this order and the petition may be dismissed.

4. The clerk of court is directed to close this case, subject to re-opening by petitioner upon the filing of his motion to lift the stay.

Entered this 5th of February, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER

Magistrate Judge